IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

EARNEST J. FILES, JR., #107834,    )
    )
    Plaintiff,    )
    )
v.    )    CIVIL ACTION NO. 3:20-CV-387-MHT
    )
    )
JEREMY DUERR, et al.,    )
    )
    Defendants.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION[1]

The plaintiff, Earnest J. Files, Jr., a state inmate and frequent federal litigant, filed this 42 U.S.C. § 1983 complaint on June 1, 2020.[2]  Files is currently incarcerated in the custody of the Alabama Department of Corrections serving sentences of life without parole for multiple capital murder convictions imposed upon him on December 6, 2017 by the Circuit Court of Talladega County, Alabama, and a consecutive ten-year sentence imposed

---

[1]All documents and attendant page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

[2]The Clerk stamped the complaint "received" on June 8, 2020.  Files, however, executed the complaint on June 1, 2020.  Doc. 1 at 17.  Thus, the latter date is the earliest date Files could have placed the complaint in the prison mail system.  A pro se inmate's complaint is deemed filed under "the mailbox rule" the date he places it in the prison mail system for delivery to the court.  *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Fuller v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The court therefore considers June 1, 2020 as the date of filing for this action.

upon him by the Circuit Court of Tallapoosa County, Alabama on April 8, 2019.  Doc. 1 at 13–14.[3]

In the instant complaint, Files alleges numerous violations of various constitutional rights regarding his arrests on April 13, 2010 and December 1, 2011, his imprisonment on the charges related to these arrests, the validity of arrest warrants issued by deputy clerks of the Tallapoosa County Circuit Court as to such charges, and actions of his attorneys, prosecutors and state court judges during criminal proceedings, including those which eventually resulted in his conviction for second degree assault.  Doc. 1 at 2–16.[4]  Files names Jeremy Duerr, the District Attorney for Tallapoosa County, Ray Martin, a judge for the Circuit Court of Tallapoosa County, Clayton Kim Turner, a judge for the District Court of Tallapoosa County, Thomas Frank Young, Jr., a former judge for the Circuit Court of Tallapoosa County, Damon Lewis, a former assistant district attorney for Tallapoosa County, Jennifer Morris and Brandi Hardaway, deputy circuit clerks for Tallapoosa County at the time of his arrests, William Grant and Erin McWaters, officers of the Alexander City Police Department, Charles Gillenwaters, an attorney initially retained by Files in the assault case, Jimmy Abbott, the Sheriff of Tallapoosa County, David McMichaels, the

---

[3]The court obtained additional relevant information regarding Files' convictions from entries on the case action summary sheets for the state courts of Talladega and Tallapoosa counties which are maintained by the Alabama Trial Court System and hosted at www.alacourt.com.  As permitted by applicable federal law, the court takes judicial notice of these state court records, *see Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014), and in this Recommendation, utilizes relevant information contained in such records.

[4]The vast majority of these claims stem from Files' unsupported and erroneous allegation that the deputy clerks were not authorized to issue the arrest warrants, i.e., make a judicial determination of probable cause, and, therefore, all actions flowing from the warrants violated his constitutional rights.

Chief Deputy Sheriff of Tallapoosa County, Blake Jennings, Administrator of the Tallapoosa County Jail, Chris Nail, Assistant Administrator of the Tallapoosa County Jail, Charles Hall, Jr., an assistant district attorney for Tallapoosa County, and James Bailey, the attorney subsequently appointed to represent Files in the assault case.[5] Files requests only that this court order the State of Alabama, specifically Tallapoosa County, "to give the plaintiff, a judicial determination of probable cause." Doc. 1 at 17.[6]

Upon a thorough and exhaustive review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[7]

---

[5] The undersigned notes that some of the claims against several of the named defendants have previously been decided adversely to the plaintiff. *See Files v. Alexander City, Ala., et al.*, Civil Action No. 3:14-239-WKW-CSC (M.D. Ala. Aug. 12, 2014); *Files v. Tallapoosa County Narcotics Task Force, et al.*, Civil Action No. 16-CV-770-MHT-GMB (M.D. Ala. June 30, 2017); *Files v. Jones, et al.*, Civil Action No. 17-CV-615-ECM-WC (M.D. Ala. Mar. 23, 2020). Under well-established law, this court takes judicial notice of its own records. *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir.2009)

[6] The undersigned is cognizant of a finding made by the United States District Court for the Northern District of Alabama, in a case with similar claims filed therein by Files challenging actions which occurred in Talladega County, Alabama, that

> [e]ven if the plaintiff had some right to a probable cause hearing despite an arrest warrant having been issued, that claim . . . ended when the grand jury issued the [pertinent] indictment. . . . *See e.g., Wallace v. Kato*, 549 U.S. 384, 390 (2007); *Kelly v. Serna*, 87 F.3d 1235, 1241 (11th Cir. 1996) ("A grand jury indictment constitutes *prima facie* evidence that probable cause existed for the prosecution."). . . . . And although the plaintiff claims the grand jury unreasonably indicted him in violation of the Fifth Amendment, as it was based on the unreasonable seizure under the Fourth Amendment . . . ., no support in law exists for this proposition. Rather, pursuant to *Wallace v. Kato, supra*, and its progeny, the grand jury's determination acts as an independent finding of probable cause, regardless of the validity of the arrest warrant.

*Files v. Giddens*, 2020 WL 2858807, at *3 (N.D. Ala. May 7, 2020), *report and recommendation adopted*, 2020 WL 2850889 (N.D. Ala. June 2, 2020).

[7] The court granted Files leave to proceed *in forma pauperis* in this civil action. Doc. 3. Despite Files' payment of an initial partial filing fee, the court remains obligated to screen the complaint for possible summary dismissal. 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.). Specifically, the

## II. FACTUAL ALLEGATIONS[8]

Files alleges that defendants Morris and Hardaway, deputy circuit court clerks, issued arrest warrants against him in April of 2010 and December of 2011, respectively, in violation of the Fourth Amendment which deprived him of due process. Doc. 1 at 6 & 10.[9] Specifically, Files contends issuance of these arrest warrants by defendants Morris and Hardaway did not constitute a "judicial determination of probable cause" as required by the Fourth Amendment and further appears to argue defendants Morris and Hardaway

---

screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B)(i)– (iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint against government officials], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."). Under both of these code sections, a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (holding that district court properly dismissed claim as frivolous where it was "without arguable merit either in law or fact."). Furthermore, a claim is frivolous as a matter of law where, for instance, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Neitzke,* 490 U.S. at 327. Also, a claim which merely repeats a claim adjudicated or pending in a prior civil action is malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

[8]The factual allegations set forth herein are a synopsis of those contained in the complaint which are, at best, disjointed, rambling and arduous to follow.

[9]Morris issued the challenged arrest warrant against Files for assault on April 13, 2010.  Doc. 1-1. Hardaway issued the challenged arrest warrants against Files for possession of marijuana, possession of a controlled substance and  possession of a pistol by a person forbidden to do so on December 2, 2011, and for making a terrorist threat on December 9, 2011.  Docs. 1-2, 1-3, 1-4 & 1-5.

issued the arrest warrants absent probable cause.  Doc. 1 at 6 & 10.  Files also complains that on April 13, 2010 defendants Grant and McWaters subjected him to an unconstitutional arrest based on the warrant issued by defendant Morris.  Doc. 1 at 6.[10] Files further contends that due to the challenged deficiencies in the arrest warrant issued by defendant Morris the grand jury empaneled in August of 2010 lacked authority and subject matter jurisdiction to return an indictment against him.  Doc. 1 at 6.[11]  Additionally, Files challenges his arrest by the Tallapoosa Narcotics Task Force on December 1, 2011 as unconstitutional because it was without a warrant or reasonable cause.  Doc. 1 at 8.[12] Throughout the complaint, Files maintains that various terms of pre-trial detention on the charges set forth in the challenged arrest warrants constituted unlawful imprisonment at the Tallapoosa County Jail within the custody of the Sheriff, Chief Deputy Sheriff and jail personnel.

---

[10]"The issuance of a warrant—even an invalid one as [Plaintiff] alleges was issued here—constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."  *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014); *Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996) (holding Plaintiff's allegations that he was unreasonably seized based on a wrongly obtained arrest warrant—an initial step in a criminal prosecution— presented a malicious prosecution claim).

[11]The state court records of which the court has previously taken judicial notice establish that a duly empaneled grand jury in Tallapoosa County indicted Files for second degree assault on August 13, 2010.

[12]Once legal process issued regarding these charges, the claim became one "for malicious prosecution rather than false arrest."  *Carter*, 557 F. App'x 906; *Wallace v. Kato*, 549 U.S. 384, 390 (2007) (defining malicious prosecution as the wrongful institution or use of legal process); *Uboh v. Reno*, 141 F.3d 1000, 1002–03 (11th Cir. 1998) (holding that allegations of the wrongful use of legal process—including the wrongful use of the warrant process—are properly classified as a claim of malicious prosecution).  Thus, to the extent Files argues the officers who provided the affidavits seeking issuance of the arrest warrants violated his constitutional rights when obtaining the warrants, such claims clearly fall within the purview of malicious prosecution.

Files next complains that on December 2, 2011 defendants Lewis and Duerr, along with then District Attorney E. Paul Jones, who is now deceased, requested revocation of his bond on the 2010 assault case, and Judge Young "revoked Plaintiff's bond[.]" Doc. 1 at 9. Files maintains that on or about December 19, 2011 law enforcement officers of Talladega County, the Sylacauga Police Department and the Talladega County District Attorney "colluded with" the Tallapoosa County District Attorney's Office and his cellmate's attorney presumably regarding the charges pending against Files. Doc. 1 at 11. In addition, Files takes issue with the representation provided to him by defendants Gillenwaters and Bailey during criminal proceedings related to the assault case. Specifically, Files maintains when he stated to his attorneys that defendant Morris lacked the proper authority to issue the arrest warrant because she was not a judicial officer each of them advised him Morris was "a neutral and detached magistrate" authorized to issue the arrest warrant. Doc. 1 at 7 & 15.[13] He further asserts Gillenwaters "colluded, with Defendant(s) of Tallapoosa County, and being an officer of the court(s) should have reported Defendant(s), [Judge] Clayton Kim Taylor [], Judge Thomas F. Young, Jr., [District Attorney] E. Paul Jones, Damon Lewis, and Jeremy Duerr." Doc. 1 at 8. Files also alleges defendant Bailey "colluded with the Tallapoosa County District Attorney Jeremy Duerr, Defendant Charles Hall and Defendant Tallapoosa County Circuit Judge

---

[13]The challenged representation provided by Gillenwaters took place on October 12, 2011, Doc. 1 at 7, whereas the representation provided by Bailey occurred on April 8, 2019, Doc. 1 at 15. The judicially noticed state court records indicate Gillenwaters withdrew as counsel for Files on October 1, 2012 and further show the trial court eventually appointed Bailey to represent Files on September 21, 2018.

Ray Martin." Doc. 1 at 15.[14] Although Files does not identify the nature of the alleged collusion involving his attorneys, such seemingly occurred to effectuate his assault conviction.

Files further alleges Judge Taylor improperly bound him over to the grand jury in violation of his constitutional rights on or about January 12, 2012 on the charges arising from his December 2011 arrest. Doc. 1 at 11–12 (stating the probable cause hearing was "in violation of the (4th) Fourth Amendment[] which requires a prompt (judicial) determination of probable cause[.] Plaintiff, was bound over to the grand jury in violation of the (5th) Fifth and (6th) Amendment[s], without due process of law, Tallapoosa County (State of Ala), lacked subject matter jurisdiction [as there was no warrant or] any reasonable ground(s), under the (4th) Fourth Amendment [for his arrest on December 1, 2011]. Plaintiff was constitutionally, entitled to a juridical determination of probable cause, for any pretrial restraint of liberty.").[15] In addition, Files argues Judge Young set bail in an excessive amount on either February 29, 2012 or March 1, 2012, Doc. 1 at 13. Finally, Files contends Judge Martin "was without authority to adjudicate [the assault case because] he lacked subject matter jurisdiction" as no determination of probable cause had been made by a judicial officer prior to trial. Doc. 1 at 15.

---

[14]Due to Gillenwaters withdrawal as counsel on October 1, 2012, this purported act of collusion would have necessarily occurred prior to this date.

[15]The state court records demonstrate that a duly empaneled grand jury issued indictments against Files for second degree possession of marijuana, possession of a controlled substance (cocaine), possession of a pistol by a person forbidden to do so and making a terrorist threat on August 17, 2012.

7

## III.  DISCUSSION

### A.  Claims Barred by the Statute of Limitations

The claims presented in the instant complaint are subject to the statute of limitations

applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).  Although state law supplies the

statute of limitations, "the accrual date of a § 1983 cause of action is a question of federal

law that is *not* resolved by reference to state law."  *Wallace v. Kato*, 549 U.S. 384, 388

(2007) (emphasis in original).

"[T]he statute of limitations upon a § 1983 claim . . . for a false arrest in violation

of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to

run at the time the claimant becomes detained pursuant to legal process."  *Wallace*, 549

U.S. at 397; *Burgest v. McAfee*, 264 F. App'x 850, 852 (11th Cir.), *cert. denied*, 555 U.S.

997, 129 S.Ct. 489 (2008) ("An action for false imprisonment accrues when the prisoner

'becomes held pursuant to [legal] process[.]'").  "Limitations begin to run against an action

for false imprisonment when the alleged false imprisonment ends" and such is deemed to

occur once a plaintiff "becomes held *pursuant to [legal] process*—when, for example, he

is bound over by a magistrate or arraigned on charges[,]" because at that point any "unlawful detention forms . . . the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Id*. at 389–90 (emphasis in original). In *Wallace,* the Supreme Court specifically held that commencement of the statute of limitations for claims based on false arrest and false imprisonment is not delayed because of an anticipated future conviction, *id*. at 393–94, nor is it tolled while the bar established in *Heck v. Humphrey,* 512 U.S. 477 (1994) subsists. *Id.* at 394–96. Thus, the limitations period began to run on the false arrest/false imprisonment claims either (i) upon issuance of the arrest warrants in April of 2010 and December of 2011, (ii) when Files was bound over to grand juries for indictment by state court judges in May of 2010 and January of 2012, or, at the very latest, (iii) upon issuance of the indictments in August of 2010 and August of 2012.[16]

With the exception of the false arrest claim arising from his warrantless arrest on December 1, 2011 and his false imprisonment claims where the statute of limitations began to run upon initiation of legal process, the statute of limitations began to run on the remaining time-barred claims when "the facts which would support a cause of action [were] apparent or should [have been] apparent to a person with a reasonably prudent regard for

---

[16]Any of these dates render the claims of false arrest/false imprisonment time barred. However, insofar as the claims are construed as ones alleging malicious prosecution, i.e., lack of probable cause provided for issuance of the arrest warrants, the court will assess the current viability of such claims since these claims are not impacted by the statute of limitations as they have not yet accrued. *See McDonough v. Smith*, --- U.S. ---, ---. 139 S. Ct. 2149, 2161, 204 L. Ed. 2d 506 (2019) (holding that the statute of limitations for a plaintiff's § 1983 claim of malicious prosecution begins "to run when the criminal proceedings against him [are] terminated in his favor").

his rights." *Rozar v. Mills*, 85 F.3d 556, 561–62 (11th Cir. 1996) (internal quotations and citation omitted); *Calhoun v. Alabama Alcoholic Beverage Control Board*, 705 F.2d 422, 425 (11th Cir. 1983) (same).

Those actions about which Files complains that occurred over two years prior to his filing this case, i.e., actions accruing on or before May 30, 2018, are therefore barred by the two-year statute of limitations.[17]  By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Files from application of the time bar.[18]  The statute of limitations applicable to Files' claims challenging the constitutionality of actions which occurred in 2010, 2011 and 2012 began to run on operative dates in those years and ran uninterrupted until expiration several years prior to his filing this case on June 1, 2020.

Unquestionably, the statute of limitations is usually a matter which is raised as an affirmative defense.  The court notes, however, that when a plaintiff proceeds *in forma pauperis* in a civil action it may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint.  *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).  "[I]f the

---

[17]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed. R. Civ. P.

[18]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action," but such tolling shall not exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a).  The state court records of which the court has taken judicial notice demonstrate that Files had not been deemed legally insane nor was he under the age of 19 at the time any of his claims set forth in this section accrued.

district court sees that an affirmative defense would defeat the action, a section 1915(d) [now§ 1915(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint and relevant state court records, Files has no legal basis on which to proceed with respect to the claims he raises challenging the constitutionality of (i) the authority of the deputy clerks to issue arrest warrants, (ii) his arrest without a warrant on December 1, 2011, (iii) any term of pre-trial imprisonment on the criminal charges for which he was arrested in either April of 2010 or December of 2011, (iv) the revocation of bond in the assault case, (v) being bound over to the grand jury on the December 2011 charges, (vi) setting of bail on the December

2011 charges, (vii) alleged collusion in December of 2011, and (viii) legal representation provided by defendant Gillenwaters and this attorney's purported collusion with Judge Young and prosecutors while representing Files in the assault case, because these claims accrued in 2010, 2011 and 2012. As previously determined, the statutory tolling provision is unavailing. Consequently, the governing two-year period of limitations expired on each of the aforementioned claims several years prior to Files filing the instant complaint. In light of the foregoing, the court concludes that Files' claims identified above are barred by the applicable two-year statute of limitations and are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (stating "[t]he expiration of the statute of limitations warrants dismissing a complaint as frivolous.") (citing *Clark*, 915 F.2d at 640, n.2 (11th Cir. 1990)).

Despite finding these claims barred by the statute of limitations, the court likewise makes the following findings on the time-barred claims.

## 1.  Claim of Lack of Authority Against Deputy Clerks

Files alleges defendants Morris and Hardaway lacked the requisite authority to issue the challenged arrest warrants. This claim is without merit as "[t]he law is well established that state court clerk office employees can and do regularly issue warrants. Under Alabama law, state court circuit clerks have the authority to 'sign and issue all summons, subpoenas, writs, executions, and other processes, under the authority of the court.' § 12-17-94(a)(1), Code of Alabama 1975, as amended." *McAdams v. King*, 2017 WL 4810622,

12

at *1 (N.D. Ala. Oct. 25, 2017); *see Shadwick v. City of Tampa*, 407 U.S. 345 (1972) (acknowledging "it has never been held that only a lawyer or judge could grant a warrant, regardless of the court system. . . .   The Court frequently has employed the term 'magistrate' to denote those who may issue warrants. . . .   Historically, a magistrate has been defined broadly as 'a public civil officer, possessing such power . . . as the government appointing him [or her] may ordain.'" *Id.* at 348–49 (citations omitted).[19]  The Supreme Court further stated "[w]e find no commendment . . . that all warrant authority must reside exclusively in a lawyer or judge."  *Id*. at 349.  Moreover, when a court clerk acts "under command of court decrees or under explicit instructions of a judge" the absolute immunity of the judge extends to the clerk.  *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980). A state court clerk's "issuance of a warrant would be a function normally performed by a judge" and is thus a "judicial act" entitling the clerk to absolute judicial immunity for that act.  *Scott v. Dixon*, 720 F.2d 1542, 1547 (11th Cir. 1983).

Additionally, insofar as Files presents the same or similar claims against these defendants which this court previously addressed in his prior civil actions, *see Files v. Tallapoosa County Narcotics Task Force, et al.*, Civil Action No. 16-CV-770-MHT-GMB (M.D. Ala. June 30, 2017); *Files v. Jones, et al.*, Civil Action No. 17-CV-615-ECM-WC

---

[19]In one of the prior civil actions filed with this court, Files provided the court with the affidavits submitted in support of the arrest warrants as exhibits to his complaint.  *See Files v. Tallapoosa County Narcotics Task Force, et al.*, Civil Action No. 16-CV-770-MHT-GMB (M.D. Ala. June 30, 2017), Doc. 1-1 at 2, Doc. 1-4 at 2, Doc. 1-5 at 2, Doc. 1-6 at 2 & Doc. 1-8 at 2.  Upon review of these affidavits, it appears to the court that the affiant provided probable cause to the clerk for issuance of each of the arrest warrants.  *Case v. Eslinger*, 555 F.3d 1317, 1327 (11th Cir. 2009) (citing *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992)) (all an officer must show is that he had "facts and circumstances within [his] knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime.").

(M.D. Ala. Mar. 23, 2020), such claims are likewise subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (internal quotations and citation omitted) ("concluding that [r]epetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) [now § 1915(e)(2)(B)(i) and § 1915A(b)(1)] as malicious."); *Cato v. United States*, 70 F.3d 1103, 1105 n.2  (9th Cir. 1995) (internal quotations and citation omitted) ("There is no abuse of discretion where a district court [summarily] dismisses under § 1915(d) [or its newer codified versions, § 1915(e)(2)(B)(i) and § 1915A(b)(1),] a [claim] that merely repeats pending or previously litigated claims."); *Bagby v. Karriker*, 555 F. App'x. 405, 406 (5th Cir. 2014) (affirming district court's dismissal of complaint as malicious because it was duplicative of a prior action where the claims it raised could fairly be said to arise from the same series of events).  "Dismissal of the duplicative [claims] . . . promotes judicial economy and the comprehensive disposition of litigation."  *Adams v. California*, 487 F.3d 684, 692 (9th Cir. 2007).

**2.  Claims of Collusion**

Files asserts various defendants "colluded" against him.  These alleged instances of of collusion are legally analogous to claims alleging the defendants conspired against him. Even if the claim of collusion between prosecutors, law enforcement and his cellmate's attorney in December of 2011 and the claim of collusion involving defendant Gillenwaters were not barred by the statute of limitations, these claims and the additional claim of collusion involving defendant Bailey provide no basis for relief in this civil action.

To proceed on a conspiracy claim under 42 U.S.C. § 1983, or in this case a collusion claim, "a plaintiff must show that the parties reached an understanding to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy. . . . [T]he linchpin for conspiracy [or, as alleged here, collusion] is agreement[]." *Bailey v. Board of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir.), *cert. denied*, 506 U.S. 832 (1992) (internal quotations and citation omitted). In order for a plaintiff "to establish the understanding or willful participation required to show a conspiracy, . . . [he] must [produce] some evidence of agreement between the defendants[.]" *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283–84 (11th 2002) (internal quotation marks omitted). Merely alleging collusion or "stringing together" acts of individuals is insufficient to demonstrate the existence of a conspiracy or collusive behavior. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992); *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) (holding that a vague and conclusory allegation of a conspiracy fails to state a claim upon which relief can be granted). A plaintiff is required to provide more than a label or a conclusion, such as merely stating the defendants "colluded" or "conspired." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). An agreement to violate a plaintiff's constitutional rights must be shown by sufficient facts to suggest an agreement was actually made. *Id.* at 556. "[A] bare assertion of a conspiracy [or collusion] will not suffice. . . . and a conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality." *Id.* at 556–57. A plaintiff merely placing the word "conspiracy" or "colluded" in a complaint wholly fails to state a claim which survives a

court's review under 28 U.S.C. § 1915(e)(2)(B).  *See Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008).  In sum, "[i]t is not enough to simply aver in the complaint that a conspiracy existed." *Allen v. Secretary, Florida Dept. of Corrections*, 578 F. Appx. 836, 840 (11th Cir. 2014) (quoting *Fullman*, 739 F.2d at 557).

Other than his suppositious and conclusory allegations of collusion, Files presents nothing which suggests the existence of actual collusion among the defendants or a conspiracy nor can this court countenance the existence of any evidence which would indicate that the defendants colluded or conspired to deprive Files of his constitutional rights.  His "naked assertion[s]" of collusion without "supporting operative facts" fails to state a claim under 42 U.S.C. § 1983, *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984); *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556–57, and are therefore subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.  Claims Against State Court Judges

Although the claims Files raises as to Judges Taylor and Young regarding actions undertaken in his state criminal cases before the district and circuit courts of Tallapoosa County are barred by the statute of limitations, such claims, as well as those lodged against Judge Martin for actions taken while presiding over the trial of the assault case in April of 2019, entitle Files to no relief in this 42 U.S.C. § 1983 action.

The claims presented against each judge named as a defendant provide no basis for relief as "judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are

entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotations and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotations and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

Files' allegations against the judges do not support the implicit assertion that the purported wrongful conduct of the judges was non-judicial. Instead, the allegations indicate all of the judges' actions were taken as part of the normal conduct of the state courts and in relation to cases pending before the courts. The challenges presented by Files to issuance of the arrest warrants and his arrests do not divest the state courts or its judges of jurisdiction. Thus, all of the allegations made by Files against Judges Taylor, Young and Martin emanate from actions taken by these defendants in their judicial capacities during state court proceedings over which each of them had jurisdiction. Judges Taylor, Young and Martin are therefore absolutely immune from civil liability for acts taken

pursuant to their judicial authority. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because the judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Files' claims against Judges Taylor, Young and Martin are "based on an indisputably meritless legal theory" and, therefore, are frivolous. *Neitzke,* 490 U.S. at 327. As such, these claims are subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

The court further finds that, insofar as Files seeks declaratory or injunctive relief from orders issued by these judges in 2010, 2012 or 2019, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Files from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464.  Moreover, a 42 U.S.C. § 1983 action is inappropriate either to compel or to appeal a particular course of action taken by a state court.  *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (A § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).[20]

In light of the foregoing, the court finds that summary dismissal of any request by Files seeking declaratory or injunctive relief from the final orders entered in his state criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Neitzke*, 490 U.S. at 327.[21]

---

[20]It appears to the court that any actions of the state court judges challenged herein relate to orders which are at this time final.  However, if the complaint presents claims to any non-final order, Files is entitled no relief because he has an adequate remedy at law to address such claims.  *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").  Specifically, Files may appeal any non-final order issued or action taken by the state courts to the appropriate higher state court. Since state law provides an adequate remedy for Files to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id.* at 1243.  Thus, any claim challenging a non-final order issued or action taken by Judges Taylor, Young and Martin in state court criminal proceedings are likewise subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

[21]In addition, the court notes that any claims against judges Taylor and Young previously raised and addressed in the prior civil actions filed by Files are similarly subject to summary dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Files v. Alexander City, Ala., et al.*, Civil Action No. 3:14-239-WKW-CSC (M.D. Ala. Aug. 12, 2014); *Files v. Tallapoosa County Narcotics Task Force, et al.*, Civil Action No. 16-CV-770-MHT-GMB (M.D. Ala. June 30, 2017); *Files v. Jones, et al.*, Civil Action No. 17-CV-615-ECM-WC (M.D. Ala. Mar. 23, 2020),

**4. Claims Against State Prosecutors**

Regardless of the time bar and to the extent the claims presented against the District Attorney and Assistant District Attorneys are not barred by the statute of limitations, these claims nonetheless entitle Files to no relief.  The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Rivera v. Leal,* 359 F.3d 1350, 1353 (11th Cir. 2004) (holding that a prosecutor is entitled to absolute immunity for all actions performed within the scope of his role as a government advocate); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process."  *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor in "initiating a prosecution and in presenting the State's case . . . [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotations and citation omitted). "Absolute

prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously[.]" *Grant v. Hollenbach,* 870 F.2d 1135, 1138 (6th Cir. 1989) (quotations omitted).  Files' allegations against the prosecutors do not support the assertion that their purported wrongful conduct was outside their role as advocates for the State. Thus, defendants Duerr, Lewis and Hall are entitled to absolute prosecutorial immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493.  The claims against these defendants are therefore due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[22]

## 5.  Claims Against Trial Attorneys

In the complaint, Files challenges the representation provided to him by Charles Gillenwaters, an attorney he initially retained to represent him in the assault case, and James Bailey, an attorney the trial court subsequently appointed to represent Files and who represented him during the trial which resulted in his 2019 conviction for second degree assault.  In accordance with applicable federal law, Files is entitled to no relief on his claims against these defendants under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation.  *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

---

[22]Again, any claims against defendants Duerr and Lewis previously raised and addressed in the prior civil actions filed by Files are also subject to dismissal as malicious.  *See Files v. Alexander City, Ala., et al.*, Civil Action No. 3:14-239-WKW-CSC (M.D. Ala. Aug. 12, 2014); *Files v. Tallapoosa County Narcotics Task Force, et al.*, Civil Action No. 16-CV-770-MHT-GMB (M.D. Ala. June 30, 2017).

21

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . .  [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . .  [Consequently,] state action requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49–50 (footnote omitted) (emphasis in original).

The law is well-settled that an attorney who represents an individual in state criminal proceedings does not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983.").  Since the representation by counsel about which Files complains was not committed by persons acting under color of state law, the § 1983 claims presented against defendants Gillenwaters and Bailey lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[23]

---

[23]As previously determined, the claims against defendant Gillenwaters are barred by the statute of limitations.  In addition, if the claims were previously raised and addressed, they are also appropriate for dismissal as malicious.  *See Files v. Alexander City, Ala., et al.*, Civil Action No. 3:14-239-WKW-CSC

### 6. Claims Against the Sheriff, Deputy Sheriff and Jail Personnel

Files asserts the Sheriff, Deputy Sheriff and other jail officials improperly detained him at various times because the arrest warrants failed to meet the Fourth Amendment requirement of a judicial determination of probable cause.  Even if the false imprisonment claim survived the statute of limitations bar, this claim, as Files has previously been advised, provides no basis for relief against these defendants.

> . . . . [T]he law provides no support for the plaintiff's proposition that sheriffs or jail administrators have an independent duty to investigate the arrests of detainees in a county jail to ensure each is being held based on probable cause.
>
> Although the law is scant on this issue, a district court in this state, in a suit against the warden of a city jail, held that when accepting prisoners for incarceration,
>
>> it would be improper if those who are obliged to carry out those orders of commitment would be subject to such an action.[] U.*S. ex rel. Bailey v. Askew*, 486 F.2d 134 (5th Cir. 1973) (state correctional division director immune from § 1983 damages for confining appellant pursuant to order of commitment handed down by a court in its judicial role). *See Fowler v. Alexander*, 478 F.2d 694 (4th Cir. 1973) (sheriff and jailer confining plaintiff temporarily were executing a court order and are immune from damages) and *State of Louisiana ex rel. Purkey v. Ciolino*, 393 F.Supp. 102 (E.D. La. 1974) (prison wardens immune from § 1983 damages for merely asserting custody over a prisoner pursuant to a valid commitment order).
>
> *Tucker v. City of Montgomery Bd of Comm'rs*, 410 F.Supp. 494, 511 (M.D. Ala. 1976).
>
> Sheriffs and their deputies [and other jail officials] have no independent duty to investigate the reasonableness of detention of individuals committed to their custody. *Lindsey v. Storey*, 936 F.2d 554, 563 (11th Cir. 1991) (noting the plaintiff failed to establish lieutenant in sheriff's department had any responsibility for ensuring jail inmates were promptly charged and arraigned); *Hendricks v. Sheriff, Collier Cty., Florida*, 492 Fed.Appx. 90, 96 (11th Cir. 2012) ("Assuming arguendo that Appellants'

---

(M.D. Ala. Aug. 12, 2014); *Files v. Tallapoosa County Narcotics Task Force, et al.*, Civil Action No. 16-CV-770-MHT-GMB (M.D. Ala. June 30, 2017).

detention constituted false imprisonment under § 1983, there was and is no clearly established law requiring a sheriff or undersheriff to investigate every lead alleging wrongful detention."); *Colburn v. Huddleston*, 2015 WL 1494554, *5–6 (N.D. Ala. 2015) (sheriffs and their deputies have no obligation to ensure pretrial detainees receive a probable cause hearing).

*Files v. Kilgore*, 2018 WL 1598951, at *6 (N.D. Ala. Jan. 29, 2018), *report and recommendation adopted*, 2018 WL 1594718 (N.D. Ala. Apr. 2, 2018).

For the aforementioned reasons, in addition to being barred by the statute of limitations, the court finds that Files' claims against defendants Abbott, McMichaels, Jennings and Nail "for violation of his Fourth Amendment rights based on some theory of wrongful detention are due to be dismissed." *Id*.[24]

### B.  Malicious Prosecution

In liberally reviewing the complaint as it must do, the court construes the complaint to contain claims of malicious prosecution regarding the challenged arrests and related determinations of probable cause.  *See Wallace*, 549 U.S. at 390 (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful institution* of legal process.") (emphasis in original).   The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983."  *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  As Files has done in this case, a plaintiff can challenge the institution of legal process as wrongful

---

[24]Also, to the extent the illegal detention claims were previously raised and addressed in the prior civil cases, these claims are subject to dismissal as malicious.  *See Files v. Tallapoosa County Narcotics Task Force, et al.*, Civil Action No. 16-CV-770-MHT-GMB (M.D. Ala. June 30, 2017); *Files v. Jones, et al.*, Civil Action No. 17-CV-615-ECM-WC (M.D. Ala. Mar. 23, 2020).

in one of two ways: (1) If arrested pursuant to a warrant, a plaintiff can challenge the probable cause determination supporting the warrant's issuance, *see Taylor v. Meacham,* 82 F.3d 1556, 1562 (10th 1996) (analyzing a malicious prosecution claim which challenged the validity of the affidavit submitted in support of the arrest warrant); or (2) If arrested without a warrant—and thus triggering "the Fourth Amendment require[ment of] a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest," *Gerstein v. Pugh,* 420 U.S. 103,(1975)—a plaintiff can challenge the probable cause determination made after his arrest either upon issuance of post-arrest warrants or during the probable cause hearing. *See Reed v. City of Chicago,* 77 F.3d 1049, 1053–54 (7th Cir. 1996). In either of these circumstances, "the allegation would state a Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action." *Wilkins v. DeReyes*, 528 F.3d 790, 798–99 (10th Cir. 2008)

To proceed under § 1983 on his claims for malicious prosecution, Files

> ". . . must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *See, e.g., Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004). "[T]he constituent elements of the common law tort of malicious prosecution include[ ]: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003).

*Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019).

The statute of limitations on Files' malicious prosecution claims arising from his arrests in April of 2010 and December of 2011 have not yet begun to run. The malicious

prosecution claim arising from the April 13, 2010 arrest will not accrue unless and until his assault conviction is overturned or otherwise resolved in his favor.  *See McDonough*, --- U.S. at ---, 139 S. Ct. at 2161; *Uboh,* 141 F.3d at 1002–04; *Heck,* 512 U.S. at 489.  With respect to any malicious prosecution claim attendant to his December 1, 2011 arrest, this claim will not accrue unless and until these charges are terminated in his favor.  *Id*. Consequently, Files fails to state a viable malicious prosecution claim as it is clear from the state court records that his assault conviction has not been terminated in his favor and the charges arising from his 2011 arrest remain pending before the Circuit Court of Tallapoosa County and, as such, are not yet resolved.[25]  Under these circumstances, Files' claims for malicious prosecution are premature and, therefore, foreclosed from review.  *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009).  Consequently, the court finds that the malicious prosecution claims should be dismissed without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[26]

### C.  Challenges to Assault Conviction

Insofar as Files presents claims which go to the fundamental legality of his assault

---

[25]"Courts have . . . reasoned that only terminations that indicate that the accused is innocent ought to be considered favorable."  *Uboh*, 141 F.3d at 1004 (internal quotations and citations omitted).  In *Uboh*, the court went on to identify the decisions which would not constitute a requisite favorable termination and those that would.  *Id*. at 1004–05; *see also Byrd v. City of Daphne*, 2012 WL 1036058, at *9 (S.D. Ala. Mar. 9, 2012), *report and recommendation adopted*, 2012 WL 1021843 (S.D. Ala. Mar. 27, 2012) (same).

[26]The court notes that dismissal of the malicious prosecution claim related to the criminal charges pending against Files before the Circuit Court of Tallapoosa County is also appropriate under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny.

conviction, e.g., ineffective assistance of counsel, prosecutorial errors, the validity of the indictment issued against him and lack of jurisdiction by the trial court, he is further entitled to no relief on these claims in this case. *Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original). The rule

of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for a declaratory judgment or injunctive relief.  "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."  *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

Furthermore, the law directs that "habeas corpus is the exclusive remedy for a state prisoner who [raises a claim which undermines] the fact or duration of his confinement and [a favorable ruling on the claim would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645  (acknowledging that the "sole remedy in federal court" for a prisoner who presents challenges which necessarily go to the constitutionality of a state court conviction is a petition for writ of habeas corpus); *Okoro*, 324 F.3d at 490 (noting *Heck* holds that a state inmate "making a collateral attack on his conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute.").  Consequently, an inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus."  *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996).  Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."  *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration

"is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Balisok*, 520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Files' use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to present claims which by their very nature mount a collateral attack on the validity of his conviction for second degree assault.  *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Hence, the claims presented by Files which necessarily challenge the constitutionality of his assault conviction are not cognizable in this civil action as a ruling in favor of Files on these claims would necessarily imply the invalidity of such conviction and the resulting sentence.  It is clear from the complaint and relevant state court records that the conviction imposed upon Files for second degree assault has not been invalidated in an appropriate proceeding.  Thus, the claims presented in the instant complaint

challenging this conviction provide no basis for relief at this time and, as such, are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).[27]

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the plaintiff's claims challenging (i) the authority of deputy court clerks to issue arrest warrants, (ii) his December 1, 2011 warrantless arrest to the extent it presents a false arrest claim, (iii) any term of pre-trial imprisonment on the pending criminal charges as false imprisonment, (iv) revocation of bond in the assault case, (v) being bound over to the grand jury in January of 2012 on the December 2011 charges, (vi) setting of bail on the December 2011 charges, (vii) alleged collusion in December of 2011, and (viii) representation provided by Charles Gillenwaters and his purported collusion with a judge and prosecutors while representing Files in the assault case, all of which accrued well more than two years prior to the filing of this case, be summarily DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as these claims are barred by the applicable statute of limitations.

In addition to the statute of limitations bar relevant to certain claims, it is further the RECOMMENDATION of the Magistrate Judge that:

---

[27]Files is advised that any habeas petition he files is subject to the procedural limitations imposed upon such petitions, including but not limited to, the exhaustion of state court remedies and the one-year limitation period. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" ); 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

1.   The plaintiff's claim alleging Jennifer Morris and Brandi Hardaway, deputy circuit clerks for Tallapoosa County, Alabama, lacked authority to issue arrest warrants be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as this claim is without merit.

2.   The plaintiff's claims of collusion be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims provide no basis for relief.

3.   The plaintiff's claims against Judge Ray Martin, Judge Clayton Kim Taylor and Judge Thomas Frank Young, Jr. be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as these defendants are entitled to absolute judicial immunity.

4.   The plaintiff's claims against District Attorney Jeremy Duerr, former Assistant District Attorney Damon Lewis and Assistant District Attorney Charles Hall, Jr. for actions undertaken while representing the State in criminal proceedings before the Circuit Court of Tallapoosa County, Alabama be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) because these defendants are entitled to prosecutorial immunity on such claims.

5.   The plaintiff's claims against Charles Gillenwaters and James Bailey for legal representation provided during state criminal proceedings before the Circuit Court of Tallapoosa County, Alabama be DISMISSED with prejudice pursuant to the provisions of by 28 U.S.C. § 1915(e)(2)(B)(i) as these defendants are not state actors subject to suit in a 42 U.S.C. § 1983 action.

6.  The plaintiff's claim of unlawful detention against defendants Jimmy Abbott, David McMichaels, Blake Jennings and Christopher Nail be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim provides no basis for relief.

7.  The plaintiff's claims for malicious prosecution be DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims are not yet ripe for review.

8.  The plaintiff's claims which go to the fundamental legality of the assault conviction imposed upon him in April of 2019 by the Circuit Court of Tallapoosa County, Alabama be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief in the instant cause of action.

9.  This case be dismissed prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

On or before **July 27, 2020**, the plaintiff may file objections to this Recommendation.  The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order

based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of July, 2020.


 /s/  Charles S. Coody
UNITED STATES MAGISTRATE JUDGE